In the Matter of CHRISTOPHER NUNEZ, Petitioner, v WAYNE BARKLEY, as Superintendent of Riverview Correctional Facility, et al., Respondents. [694 NYS2d 777] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent Superintendent of Riverview Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

The record indicates that petitioner, a prison inmate, pleaded guilty at a disciplinary hearing to the charge of creating a disturbance and not guilty to the charge of fighting. His plea of guilty was accepted and, following the hearing, he was found guilty of the remaining charge. Petitioner's administrative appeal was unsuccessful, prompting the commencement of this CPLR article 78 proceeding. The Attorney General has advised this Court that the finding of guilt as to the fighting charge has since been administratively reversed and that all references to the disciplinary hearing in this regard were expunged from petitioner's institutional record. Inasmuch as petitioner has received all the relief to which he is entitled and is no longer aggrieved, that part of the proceeding challenging the fighting charge is dismissed as moot (*see, Matter of Witherspoon v Goord*, 243 AD2d 931). Finally, given petitioner's plea of guilty to the charge of creating a disturbance, he is precluded from challenging the determination of his guilt as not supported by substantial evidence (*see, Matter of Vargas v Goord*, 253 AD2d 947; *Matter of Grant v Goord*, 247 AD2d 662).

Cardona, P. J., Mikoll, Mercure, Peters and Graffeo, JJ., concur. Adjudged that the petition, insofar as it seeks to challenge the finding of guilt as to the charge of fighting, is dismissed, as moot, without costs; determination finding petitioner guilty of creating a disturbance confirmed, without costs.