Matter of Black v Annucci (2020 NY Slip Op 00465)





Matter of Black v Annucci


2020 NY Slip Op 00465


Decided on January 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 23, 2020

529095

[*1]In the Matter of Jamel Black, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 3, 2020

Before: Garry, P.J., Egan Jr., Devine, Reynolds Fitzgerald and Colangelo, JJ.


Jamel Black, Elmira, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination that found him guilty of violating certain prison disciplinary rules. The Attorney General has advised this Court that the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the $5 mandatory surcharge has been refunded to petitioner's inmate account. To the extent that petitioner seeks to be restored to the status that he enjoyed prior to the disciplinary determination, he is not entitled to such relief (see Matter of Ortiz v Venettozzi, 167 AD3d 1200, 1200 [2018]; Matter of Boeck v Annucci, 165 AD3d 1334, 1334 [2018]). The record establishes, however, that the penalty imposed included loss of good time, and, although not referenced in the Attorney General's letters, we note that the loss of three months of good time incurred by petitioner as a result of the determination should be restored (see Matter of Dacey v Annucci, 173 AD3d 1585, 1585-1586 [2019]; Matter of Dudley v Annucci, 168 AD3d 1333, 1333-1334 [2019]). Inasmuch as petitioner has been granted all the relief to which he is entitled, the petition must be dismissed as moot (see Matter of Chavez v Annucci, 168 AD3d 1332, 1333 [2019]; Matter of Duchnowski v Annucci, 168 AD3d 1301, 1301 [2019]). As the record reflects that petitioner has paid a reduced filing fee of $15 and has requested reimbursement thereof, we grant petitioner's request for that amount (see Matter of Delgado v Annucci, 175 AD3d 1680, 1680 [2019]; Matter of Houghtaling v Venettozzi, 160 AD3d 1309, 1309 [2018]). Petitioner's remaining requests have been considered and rejected.
Garry, P.J., Egan Jr., Devine, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs, but with disbursements in the amount of $15.