Matter of Perez v Venettozzi (2020 NY Slip Op 02333)





Matter of Perez v Venettozzi


2020 NY Slip Op 02333


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

526390

[*1]In the Matter of Anthony Perez, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: March 20, 2020

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Anthony Perez, Cape Vincent, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
After his urine twice tested positive on two separate dates for the presence of THC-50 during random drug tests, petitioner was charged in two misbehavior reports with using a controlled substance. Following separate tier III disciplinary hearings, petitioner was found guilty of drug use in two determinations, dated May 31, 2017 and June 26, 2017. The determinations were affirmed on administrative review, and this CPLR article 78 proceeding ensued.
Initially, the Attorney General has advised this Court that the June 26, 2017 determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the mandatory $5 surcharge has been refunded to petitioner's inmate account. To the extent that petitioner seeks to be restored to the status that he enjoyed prior to the June 2017 disciplinary determination, he is not entitled to such relief (see Matter of Black v Annucci, 179 AD3d 1371, 1372 [2020]; Matter of Ortiz v Venettozzi, 167 AD3d 1200, 1200 [2018]). As petitioner has received all the relief to which he is entitled with regard to this determination, that part of the petition challenging said determination must be dismissed as moot (see Matter of Nelson v Annucci, 165 AD3d 1339, 1340 [2018]; Matter of Taylor v Katz, 6 AD3d 836, 837 [2004]).
With regard to the May 31, 2017 determination, the misbehavior report, positive EMIT test results and related documentation, together with the hearing testimony of the correction officer who tested the sample, provide substantial evidence supporting the determination of guilt (see Matter of Ayuso v Venettozzi, 170 AD3d 1407, 1407 [2019]; Matter of McKanney v Annucci, 170 AD3d 1354, 1354 [2019]). Contrary to petitioner's contention, the Hearing Officer did not improperly deny him copies of the test results of the inmate who most recently tested positive for THC-50 before the testing of petitioner's specimen or the results of all of the inmates tested on that day, as such evidence was irrelevant to the charge against petitioner (see Matter of Williams v Annucci, 140 AD3d 1498, 1499 [2016]; Matter of Pujals v Fischer, 87 AD3d 767, 767 [2011]; Matter of McCorkle v Bennett, 8 AD3d 918, 919 [2004]). Petitioner's remaining contentions are either unpreserved or lacking in merit.
Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the portion of the petition challenging the determination dated June 26, 2017 is dismissed, as moot, without costs.
ADJUDGED that the determination dated May 31, 2017 is confirmed, without costs, and petition dismissed to that extent.