Matter of Louime v Venettozzi (2020 NY Slip Op 05119)





Matter of Louime v Venettozzi


2020 NY Slip Op 05119


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

530855

[*1]In the Matter of David Louime, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: September 4, 2020

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Reynolds Fitzgerald, JJ.


David Louime, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding to challenge a tier III disciplinary determination finding him guilty of violating various disciplinary rules. The Attorney General has advised this Court that the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the $5 mandatory surcharge has been refunded to petitioner's inmate account. The record reflects that the penalty imposed included a loss of good time and, although not referenced by the Attorney General, the loss of good time incurred by petitioner as a result of the disciplinary determination should be restored (see Matter of Black v Annucci, 179 AD3d 1371, 1372 [2020]; Matter of Cumberland v Venettozzi, 178 AD3d 1225, 1226 [2019]). To the extent that petitioner seeks to be restored to the status that he enjoyed prior to the disciplinary determination, he is not entitled to such relief (see Matter of Perez v Venettozzi, 182 AD3d 869, 869 [2020]; Matter of Black v Annucci, 179 AD3d at 1372). Inasmuch as petitioner has received all the relief to which he is entitled, the petition must be dismissed as moot (see Matter of Perez v Venettozzi, 182 AD3d at 869; Matter of Arriaga v Panzarella, 181 AD3d 1143, 1144 [2020]).
Egan Jr., J.P., Lynch, Mulvey, Devine and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs.