Matter of Greene v Annucci (2020 NY Slip Op 05116)





Matter of Greene v Annucci


2020 NY Slip Op 05116


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

530672

[*1]In the Matter of Marvin Greene, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: September 4, 2020

Before: Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Marvin Greene, Binghamton, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding challenging a tier III determination finding him guilty of violating certain prison disciplinary rules. The Attorney General has advised this Court that the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record, and the mandatory $5 surcharge has been refunded to petitioner's inmate account. We note that the loss of good time incurred as part of the penalty imposed should also be restored (see Matter of Guillebeaux v Annucci, 156 AD3d 1001, 1001 [2017]). To the extent that petitioner seeks to be restored to the status he enjoyed prior to the disciplinary determination, he is not entitled to that relief (see Matter of Ortiz v Venettozzi, 167 AD3d 1200, 1200 [2018]; Matter of Boeck v Annucci, 165 AD3d 1334, 1334 [2018]). Given that petitioner has received all the relief to which he is entitled, the petition must be dismissed as moot (see Matter of Billups v Annucci, 170 AD3d 1300, 1301 [2019]; Matter of Williams v Chappius, 169 AD3d 1151, 1151 [2019]).
Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs.