Matter of Snyder v Annucci (2020 NY Slip Op 07005)





Matter of Snyder v Annucci


2020 NY Slip Op 07005


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

530092

[*1]In the Matter of Ronald Snyder, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: November 13, 2020

Before: Garry, P.J., Lynch, Clark, Mulvey and Devine, JJ.


Ronald Snyder, Collins, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding to challenge a tier III disciplinary determination finding him guilty of violating certain prison disciplinary rules. The Attorney General has [*2]advised this Court that the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the mandatory $5 surcharge will be refunded to petitioner's inmate account.[FN1] "To the extent that petitioner seeks to be restored to the status that he enjoyed prior to the disciplinary determination, he is not entitled to such relief, as inmates have no constitutional or statutory right to their prior housing or programming status" (Matter of Watkins v New York State Dept. of Corr. & Community Supervision, 171 AD3d 1383, 1383 [2019] [internal quotation marks and citations omitted]; accord Matter of Mercado v Annucci, 172 AD3d 1844, 1845 [2019]). Accordingly, and as petitioner otherwise has received all of the relief to which he is entitled, the petition must be dismissed as moot (see Matter of Mercado v Annucci, 172 AD3d at 1845; Matter of Ortiz v Venettozzi, 167 AD3d 1200, 1201 [2015]).
Garry, P.J., Lynch, Clark, Mulvey and Devine, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs.



Footnotes

Footnote 1: The materials annexed to the Attorney General's correspondence indeed document the administrative reversal, but the copy of petitioner's institutional record provided nonetheless appears to reference the challenged determination. To the extent that respondent has yet to expunge such determination from petitioner's disciplinary record and/or refund the mandatory surcharge, respondent is directed to take this corrective action (see Matter of Anselmo v Annucci, 173 AD3d 1583, 1584 [2019]).