Matter of Logan v Lilley (2021 NY Slip Op 00356)





Matter of Logan v Lilley


2021 NY Slip Op 00356


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

531902

[*1]In the Matter of Robert Logan, Petitioner,
v
Lynn J. Lilley, as Superintendent of Woodbourne Correctional Facility, Respondent.

Calendar Date: January 4, 2021

Before: Garry, P.J., Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ.


Robert Logan, Woodbourne, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
After petitioner was told to leave the computer lab area by a female correction officer, he winked at the officer. Petitioner then winked at the officer again and smiled when he was leaving the area, prompting the officer to inquire as to whether there was something wrong with his eye. Petitioner said no and left the area. A few days later, petitioner approached the officer and stated, "I just wanted you to know that there is nothing wrong with my eye." Petitioner then smiled and walked away. As a result, petitioner was charged in a misbehavior report with harassment and stalking. Following a tier II disciplinary hearing, petitioner was found guilty as charged. The determination was affirmed on administrative appeal, and petitioner commenced this CPLR article 78 proceeding.
The Attorney General has advised this Court that the finding of guilt as to the charge of stalking has since been administratively reversed and that all references to that charge have been expunged from petitioner's institutional record. Inasmuch as petitioner has received all the relief to which he is entitled and is no longer aggrieved as to that charge, that part of the proceeding challenging the stalking charge is dismissed as moot (see Matter of Nunez v Barkley, 262 AD2d 909, 909 [1999]).[FN1]
As to the remaining charge of harassment, the misbehavior report and petitioner's testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Afrika v Blackman, 149 AD3d 1369, 1369-1370 [2017]; Matter of Yven Chen v Venettozzi, 141 AD3d 1072, 1073 [2016]). Petitioner admitted to the conduct that was the basis for the charge and his exculpatory explanations for his behavior created a credibility issue for the Hearing Officer to resolve (see Matter of Briggs v Lilley, 181 AD3d 1088, 1089 [2020]; Matter of Sierra v Venettozzi, 153 AD3d 1548, 1549 [2017). Petitioner's remaining contentions, including his challenge to the adequacy of the hearing transcript, have been reviewed and are without merit.
Garry, P.J., Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the part of the petition challenging the determination finding petitioner guilty of stalking is dismissed, as moot, without costs.
ADJUDGED that the part of the determination finding petitioner guilty of harassment is confirmed, without costs, and petition dismissed to that extent.



Footnotes

Footnote 1: The matter need not be remitted for a redetermination of the penalty, inasmuch as petitioner has already served the penalty and no loss of good time was imposed (see Matter of Sylvester v Venettozzi, 175 AD3d 783, 784 [2019]).