Matter of Clark v Leconey (2021 NY Slip Op 02040)





Matter of Clark v Leconey


2021 NY Slip Op 02040


Decided on April 1, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 1, 2021

531901

[*1]In the Matter of Jahmel Clark, Petitioner,
v
James Leconey, as Captain/Hearing Officer at Sullivan Correctional Facility, Respondent.

Calendar Date: March 5, 2021

Before: Egan Jr., J.P, Clark, Aarons, Pritzker and Colangelo, JJ.


Jahmel Clark, Fallsburg, petitioner pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Commissioner of Corrections and Community Supervisions and a determination of the Superintendent of Sullivan Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding challenging two determinations — one from a tier III disciplinary hearing and the other a tier II disciplinary hearing — finding petitioner guilty of violating certain prison disciplinary rules. The Attorney General has advised this Court that the determinations have been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the $5 mandatory surcharge has been refunded to petitioner's inmate account. The Attorney General also indicates that the $15 reduced filing fee that petitioner was directed to pay in order to commence this proceeding has been refunded.[FN1] We note that any loss of good time imposed as a result of the penalties imposed should also be restored (see Matter of Louime v Venettozzi, 186 AD3d 1870, 1870 [2020]; Matter of Greene v Annucci, 186 AD3d 1868, 1868 [2020]).
"To the extent that petitioner seeks to be restored to the status that he enjoyed prior to the disciplinary determination[s], he is not entitled to such relief, as inmates have no constitutional or statutory right to their prior housing or programming status" (Matter of Snyder v Annucci, 188 AD3d 1531, 1532 [2020] [internal quotation marks and citations omitted]). Furthermore, any claim that petitioner may have for money damages related to personal items confiscated or destroyed as a result of the disciplinary charges "must be asserted in the Court of Claims, not within a CPLR article 78 proceeding" (Matter of Taylor v Kennedy, 159 AD2d 827, 827 [1990]; see Matter of Bennefield v Annucci, 122 AD3d 1329, 1330 [2014]; Matter of Hodges v Jones, 195 AD2d 647, 648 [1993]). Inasmuch as petitioner has received all the relief to which he is entitled, the petition must be dismissed as moot (see Matter of Jefferies v New York State Dept. of Corr. & Community Supervision, 190 AD3d 1250, 1250 [2021]; Matter of Upson v Rich, 190 AD3d 1182, 1182 [2021]).
Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs.



Footnotes

Footnote 1: To the extent that petitioner asserts that the $15 reduced filing fee has not yet been refunded to his inmate account, the Commissioner of Corrections and Community Supervision is directed to take this corrective action and refund the amount of the reduced filing fee paid by petitioner (see generally Matter of Santana v Annucci, 190 AD3d 1182, 1182 n [2021]).