Matter of Loccenitt v Annucci (2021 NY Slip Op 04531)





Matter of Loccenitt v Annucci


2021 NY Slip Op 04531


Decided on July 22, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 22, 2021

532912
[*1]In the Matter of Kiaza Loccenitt, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:June 17, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Kiaza Loccenitt, Stormville, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of violating certain prison disciplinary rules. The Attorney General has advised this Court that the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record, and the mandatory $5 surcharge has been refunded to petitioner's inmate account. To the extent that petitioner seeks to be restored to the status he enjoyed prior to the disciplinary determination, he is not entitled to that relief (see Matter of Snyder v Annucci, 188 AD3d 1531, 1532 [2020]; Matter of Greene v Annucci, 186 AD3d 1868, 1868 [2020]). Further, any claim for money damages "must be asserted in the Court of Claims, not within a CPLR article 78 proceeding" (Matter of Taylor v Kennedy, 159 AD2d 827, 827 [1990]; see Matter of Clark v Leconey, 193 AD3d 1159, 1160 [2021]). Given that petitioner has received all the relief to which he is entitled, the petition must be dismissed as moot (see Matter of Shepherd v Annucci, 193 AD3d 1134, 1134 [2021]; Matter of Upson v Rich, 190 AD3d 1182, 1182 [2021]). As the record reflects that petitioner has paid a reduced filing fee of $50, and he has requested reimbursement thereof, we grant petitioner's request for that amount.
Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs, but with disbursements in the amount of $50.