Matter of Stubbs v Venettozzi (2022 NY Slip Op 02477)

Matter of Stubbs v Venettozzi

2022 NY Slip Op 02477

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

534140
[*1]In the Matter of Michael Stubbs, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:March 18, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Michael Stubbs, Buffalo, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner commenced this CPLR article 78 proceeding seeking to challenge a tier III disciplinary determination. The Attorney General has advised this Court that the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the mandatory $5 surcharge will be refunded to petitioner's institutional account.[FN1] Although not referenced by the Attorney General, the penalty imposed included a recommended loss of good time, which should also be restored (see Matter of Jefferies v New York State Department of Corr. & Community Supervision, 190 AD3d 1250, 1250 [2021]; Matter of Briggs v Venettozzi, 190 AD3d 1186, 1186 [2021]). Given that petitioner has received all of the relief to which he is entitled, the petition must be dismissed as moot (see Matter of Santana v Annucci, 190 AD3d 1182, 1183 [2021]; Matter of Snyder v Annucci, 188 AD3d 1531, 1532 [2020]). As the record reflects that petitioner paid a reduced filing fee of $15 and he has requested reimbursement thereof, we grant petitioner's request for that amount (see Matter of Houston v Annucci, 200 AD3d 1387, 1387 [2021).
Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs, but with disbursements in the amount of $15.

Footnotes

Footnote 1: In the event that the Commissioner of Corrections and Community Supervision has yet to refund the mandatory $5 surcharge, he is directed to take this corrective action (see Matter of Santana v Annucci, 190 AD3d 1182, 1183 n [2021]).