Matter of Iverson v Annucci (2023 NY Slip Op 02041)

Matter of Iverson v Annucci

2023 NY Slip Op 02041

Decided on April 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 20, 2023

530887
[*1]In the Matter of Ernest Iverson, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:March 24, 2023

Before:Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.

Ernest Iverson, Stormville, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of violating certain prison disciplinary rules. The Attorney General has advised this Court that the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the mandatory $5 surcharge will be refunded to petitioner's inmate account. To the extent that petitioner seeks to be restored to the status he enjoyed prior to the disciplinary determination, he is not entitled to that relief (see Matter of Snyder v Annucci, 188 AD3d 1531, 1532 [3d Dept 2020]; Matter of Greene v Annucci, 186 AD3d 1868, 1868 [3d Dept 2020]). "Further, any claim for money damages must be asserted in the Court of Claims, not within a CPLR article 78 proceeding" (Matter of Loccenitt v Annucci, 196 AD3d 993, 993 [3d Dept 2021] [internal quotation marks and citations omitted]). Given that petitioner has received all the relief to which he is entitled, the petition must be dismissed as moot (see Matter of Clark v Leconey, 193 AD3d 1159, 1160 [3d Dept 2021]; Matter of Louime v Venettozzi, 186 AD3d 1870, 1871 [3d Dept 2020]). As the record reflects that petitioner has paid a reduced filing fee of $15, and he has requested reimbursement thereof, we grant petitioner's request and direct respondent to reimburse him that amount.
Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs, but with disbursements in the amount of $15.