Matter of McBride v Ledbetter (2025 NY Slip Op 03119)

Matter of McBride v Ledbetter

2025 NY Slip Op 03119

Decided on May 22, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 22, 2025

CV-24-1634
[*1]In the Matter of James McBride, Petitioner,
v
Priscilla Ledbetter, as Director of Temporary Release Programs, et al., Respondents.

Calendar Date:April 18, 2025

Before:Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ.

Prisoners' Legal Services of New York, Buffalo (Andrew Stecker of counsel), for petitioner.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to, among other things, review a determination of respondent Superintendent of Orleans Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding seeking to challenge a tier II disciplinary determination finding him guilty of violating certain prison disciplinary rules, as well as the ensuing determination to remove him from a work release program. With regard to the disciplinary determination, the Attorney General has advised this Court that it has been reversed, all references thereto have been expunged from petitioner's institutional record and the mandatory $5 surcharge will be refunded to petitioner's institutional account. Given that petitioner has been granted all the relief to which he is entitled with respect to the disciplinary determination, his challenge to it is now moot (see Matter of Booker v Rodriguez, 227 AD3d 1251, 1251 [3d Dept 2024]; Matter of Iverson v Annucci, 215 AD3d 1145, 1146 [3d Dept 2023]).
Similarly, given that the Attorney General has indicated that petitioner has since been reinstated to the work release program, his argument with respect to the merits of that removal has been rendered moot (see Matter of Rahman v Galioto, 231 AD3d 1344, 1346 [3d Dept 2024]). That said, although the disciplinary determination that led to petitioner's removal from work release has been overturned, petitioner has submitted documentation showing that his removal nevertheless remains on his institutional record. Accordingly, respondents are directed to expunge all references to that removal from petitioner's record (see generally Matter of Anselmo v Annucci, 173 AD3d 1583, 1584 [3d Dept 2019]).
Finally, to the extent that the petition sought an award of counsel fees pursuant to CPLR 8601, such request must be made to the court of original jurisdiction (see Matter of Mercado v Annucci, 172 AD3d 1844, 1845 [3d Dept 2019]).
Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs.