Matter of Hill v Bradford
2026 NY Slip Op 03215
May 21, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Christian Hill, Petitioner,
v
Dennis Bradford, as Superintendent of Great Meadow Correctional Facility, Respondent.

Decided and Entered:May 21, 2026
CV-25-1557
Calendar Date: April 17, 2026
Before: Garry, P.J., Reynolds Fitzgerald, Ceresia, Mcshan And Ryba, JJ.

Christian Hill, Port Ewen, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

[*1]
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review two determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in two misbehavior reports with violating multiple prison disciplinary rules. The first misbehavior report charged petitioner with, among other things, creating a disturbance, refusing a direct order and a movement regulation violation. According to the first misbehavior report, when petitioner returned to his housing block after dinner, he refused multiple direct orders from a correction officer to provide his cell number so that he could be locked in his cell, requiring that petitioner remain in the gallery gate area until the correction officer could finish placing other incarcerated individuals in their cells. The first misbehavior report indicated that, while waiting in the gallery gate area, petitioner yelled comments about the correction officer and continued to yell as he was eventually escorted down the gallery and locked in his cell. A second misbehavior report, charging violations of various disciplinary rules, alleged that petitioner, the day after the first misbehavior report was issued, again refused to provide his cell location to the correction officer upon returning to the gallery.
Following separate tier II disciplinary hearings, petitioner was found guilty of refusing a direct order, creating a disturbance and a movement regulation violation in connection with the first misbehavior report, and guilty of harassment in relation to the second misbehavior report. A discretionary review of the determinations resulted in no changes.FN1 This CPLR article 78 proceeding ensued.
Initially, the Attorney General has advised this Court that the finding that petitioner was guilty of harassment in connection with the second misbehavior report has since been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the mandatory surcharge returned to petitioner's account. As petitioner has received all the relief to which he is entitled with regard to that determination, that part of the petition is dismissed as moot (see Matter of Logan v Lilley, 190 AD3d 1185, 1185 [3d Dept 2021]; Matter of Perez v Venettozzi, 182 AD3d 869, 869 [3d Dept 2020]).
Turning to the determination of guilt related to the first misbehavior report, we note that petitioner's guilty plea precludes any challenge to the determination finding him guilty of disobeying a direct order (see Matter of Cato v Martuscello, 232 AD3d 1191, 1192 n [3d Dept 2024]). To the extent that petitioner challenges the remainder of the determination, the misbehavior report and petitioner's testimony, including his admission that he refused multiple orders to provide his cell number, provide substantial evidence to support the determination that petitioner was guilty of creating [*2]a disturbance and a movement regulation violation (see Matter of Olukotun-Williams v Gardner, 221 AD3d 1164, 1165 [3d Dept 2023], lv denied 42 NY3d 902 [2024]; Matter of Amaker v Bezio, 98 AD3d 1146, 1146-1147 [3d Dept 2012]).
Petitioner also asserts that his request at the commencement of the disciplinary hearing for a videotape recording of the incident was improperly denied. By failing to renew his request and informing the Hearing Officer that he had no further evidence or procedural objections prior to the hearing being closed, petitioner waived any objection regarding such material (see Matter of Malave v Bedard, 153 AD3d 1536, 1536 [3d Dept 2017]). In any event, petitioner sought the videotape evidence to establish that he was waiting in the gallery gate area for 30 minutes and that the correction officer would not open the gate, a fact that is not in dispute, and, as such, the record indicates that such evidence would have been irrelevant.FN2
Garry, P.J., Reynolds Fitzgerald, Ceresia, McShan and Ryba, JJ., concur.
ADJUDGED that the part of the petition challenging the determination finding petitioner guilty of harassment is dismissed, as moot, without costs.
ADJUDGED that the part of the petition challenging the determination finding petitioner guilty of disobeying a direct order, creating a disturbance and a movement regulation violation is confirmed, without costs, and petition is dismissed to that extent.

Footnotes

Footnote 1
According to respondent, no administrative appeal was received or decided, but a discretionary review was conducted of the determinations and resulted in no changes thereto.

Footnote 2
In addition, upon inquiry by Supreme Court following the commencement of this proceeding, the Attorney General advised the court that no videotape of the underlying incident exists.